## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | CASE NO. 2:21-cv-05476-GAM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

## __ORDER__

AND NOW, this _____ day of _____, 2022, upon consideration of Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc.'s Motion to Transfer Venue, and Plaintiff's response thereto, and the argument of the parties, and for other good cause shown, IT IS HEREBY ORDERED that the Motion is granted and this matter is transferred to the United States District Court for the District of Virginia, Norfolk Division.

BY THE COURT:

_____
Hon. Gerald Austin McHugh
United States District Judge

1



## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | CASE NO. 2:21-cv-05476-GAM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc. ("Defendant"), by and through its undersigned counsel, hereby moves to transfer this matter to the United States District Court for the District of Virginia, Norfolk Division.

In accordance with Local Rule 7.1(c), the grounds for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated by reference as though set forth fully herein.

An appropriate proposed Order is attached.

1

WHEREFORE, Defendant respectfully requests that this Court grant the Motion.


WEIR GREENBLATT PIERCE LLP

Dated: June 2, 2022                    By: */s/ Steven E. Angstreich*
                                      Steven E. Angstreich, Esquire
                                      Attorney I.D. No.: 3739
                                      1339 Chestnut Street, Suite 500
                                      Philadelphia, PA 19107
                                      215-665-8181
                                      sangstreich@wgpllp.com

                                      *Attorneys for Defendant, Crawl Space Door*
                                      *System, Inc. d/b/a Crawl Space Door Systems,*
                                      *Inc.*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | CASE NO. 2:21-cv-05476-GAM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc. ("Crawl Space" or "Defendant"), by and through its undersigned counsel, hereby submits this Memorandum of Law in Support of its Motion to Transfer Venue.

### BACKGROUND AND PROCEDURAL POSTURE

This case is before the Court on a Complaint filed by the plaintiff Philadelphia Professional Collections, LLC ("PPC") against Crawl Space for judgment in its favor for what it alleges are unpaid legal fees based upon two theories of recovery: breach of contract (Count 1) and unjust enrichment (Count 2) (the "PPC case"). Although the matter was brought by PPC, PPC is simply a collection arm of the law firm White & Williams and the Court has already noted that "[i]n practical terms, it is White & Williams bringing this action." Dkt. 7, p.2.

White & Williams served as counsel for Crawl Space in the District Court for the District of New Jersey in Smart Vent Products, Inc. v. Crawl Space Door System, Inc., d/b/a Crawl

1

Space Door Systems, Inc., case no. 1:13cv05691. That representation is the basis for the claim made by PPC for unpaid legal fees.

Filed later but running concurrently with the New Jersey case was a case brought by Crawl Space against Smart Vent for violations of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq.: Crawl Space Door System, Inc. v. Smart Vent Products, Inc. et al., in the United States District Court for the Eastern District of Virginia, case no. 2:19cv320 (the "Antitrust case"). The New Jersey case was premised on allegations of violations of the Lanham Act, 15 U.S.C. § 1125 et seq. and included a counterclaim by Smart Vent for violations of the Lanham Act based upon acts of commercial speech by Smart Vent while the Antitrust case was premised on non-commercial speech by Smart Vent that gave rise to the antitrust claims by Crawl Space. Only commercial speech is recoverable under the Lanham Act while non-commercial speech may give rise to antitrust violations. White & Williams was aware of the ongoing Antitrust case prior to and during the jury trial in the New Jersey case.

During the course of the New Jersey case, White & Williams presented to the court and jury evidence of the non-commercial speech relied upon by Crawl Space in the Antitrust case, and asked the jury to consider the non-commercial speech in determining liability and damages. As noted, the non-commercial speech formed the basis of the Antitrust case. By presenting to the court and jury that evidence, White & Williams foreclosed the ability of Crawl Space to maintain its antitrust claims against Smart Vent and Crawl Space was forced to dismiss the Antitrust case, settling the matter for an amount far below the actual damage caused by Smart Vent to Crawl Space through its antitrust behavior.

Because of the monetary harm caused by White & Williams in foreclosing Crawl Space's ability to recover for Smart Vent's antitrust behavior, Crawl Space has filed a legal malpractice

claim against White & Williams: *Crawl Space Door System, Inc. v. White & Williams, LLP*, in the United States District Court for the Eastern District of Virginia, case no. 2:22cv199, filed on May 11, 2022 (the "Malpractice case").

Crawl Space is seeking an Order from this Court transferring the PPC case to the Eastern District of Virginia, Norfolk Division, for consolidation with the Malpractice case. In the alternative, Crawl Space seeks to have the Court stay the PPC case pending resolution of the Malpractice case.

The PPC case seeks recovery for unpaid legal fees that Crawl Space not only denies owing, but has asserted in the Malpractice case that White & Williams is liable for damages significantly greater than the fees it alleges it is owed by Crawl Space. As noted above, this Court has already recognized that the PPC case is in reality White & Williams suing Crawl Space. The parties in both the PPC case and the Malpractice case are therefore the same. In addition, the facts necessary to resolve the PPC case are a small subset of the facts that will be litigated in the Malpractice case, and the claim for unpaid fees by White & Williams will be resolved in the Malpractice case.

## LEGAL STANDARD

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." PCC could, of course, have brought the case in the Eastern District of Virginia where Crawl Space resides and where Crawl Space engaged White & Williams. This Court outlined the legal standard to be applied when considering a motion to transfer venue:

"Under §1404(a), district courts are to consider the "convenience of parties and witnesses," and "the interest of justice." The classic formulation, in this circuit, of the analysis under §1404 is set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), and involves a series of private and public interest factors. Private-interest factors include (1) the "plaintiff's forum preference as manifested in the original choice," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* Public factors include: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879–80." Memorandum ECF 7 at pp. 2-4.

However, "[t]here is no definitive formula or list of factors to consider" when deciding a motion to transfer. *Jumara*, 55 F.3d at 879. And "courts in [this] district have held that where there is a strong likelihood of consolidation with a related action, a transfer of venue is warranted." *Villari Brandes & Kline, PC v. Plainfield Specialty Holdings II, Inc.*, 2009 WL 1845236, *5 (E.D.Pa. June 26, 2009).

In addition, for a transfer to be proper, the transferee forum must be one in which the suit "might have been brought." *Ricoh Co., Ltd. V. Honeywell, Inc.*, 817 F.Supp. 473, 487 (D.N.J. 1993).

4

When two suits involving the same parties and subject matter are pending concurrently, the first filed suit generally has priority for venue purposes absent showing that balance of inconvenience favors transfer or unless there are special circumstances that justify giving priority to the second suit. *Ricoh*, 817 F.Supp. at 487 (D.N.J. 1993).

One of those special circumstances is the possibility of inconsistent rulings. Id., citing *Chrysler Capital Corp. v. Whoehling*, 663 F.Supp. 478, 484 (D.Del. 1987).

## ARGUMENT

Given the related issues and parties, there is a strong likelihood that the pending cases will be consolidated. The two pending causes of action can result in one in which Crawl Space is found liable to pay legal fees and in the other Crawl Space may have judgment in its favor for legal malpractice against the same law firm. If the claims in the second action prevail, White & Williams will presumptively not be entitled to recovery of some or all of the fees that it claims is owed.

When considering a motion to transfer venue, the Court considers a multitude of factors and the "First-Filed Rule." However, "[t]here is no definitive formula or list of factors to consider" when deciding a motion to transfer. *Jumara*, 55 F.3d at 879. And ". . . where there is a strong likelihood of consolidation with a related action, a transfer of venue is warranted." *Villari Brandes & Kline, PC v. Plainfield Specialty Holdings II, Inc.*, 2009 WL 1845236, *5 (E.D.Pa. June 26, 2009).

### The First-Filed Rule

While the first-filed rule generally dictates that a court in which the first of the related actions should maintain the suit, the mandate of the first-filed rule "is not a mandate directing wooden application of the rule. . .", *E.E.O.C. v. University of Penn.*, 850 F.2d 969, 972 (3d Cir.

5

1988). "[I]n the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a first-filed suit." *Southeast Power Group, Inc. v. SAP America, Inc.*, 2020 WL 4805352, *2 (E.D.Pa. August 18, 2020), citing *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220-21 (3d Cir. 2016).

In addition, where the first-filed action was filed in anticipation of imminent judicial proceedings" it may be proper for a court to find the initial filing improper. *IMS Health, Inc. v. Vality Tech, Inc.*, 59 F.Supp.2d 454, 463 (E.D.Pa. 1999). Here, Crawl Space had engaged counsel (not the undersigned) for the purpose of initiating an investigation into potential legal malpractice liability on behalf of White & Williams, and White & Williams was on notice that Crawl Space was investigating a malpractice claim against it.

<u>Private-Interest Factors.</u>

As noted above, private-interest factors for the Court to consider on a Motion to Transfer include (1) the "plaintiff's forum preference as manifested in the original choice," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."

    (1)    Plaintiff's Forum Preference. Clearly White & Williams (through PPC) prefers the forum where its main offices are located.

    (2)    Defendant's Forum Preference. Defendant prefers the forum where its main office is located (it has only a single location), and where the Malpractice case is pending.

(3)    Where the Claim Arose. In the Malpractice case, errors and omissions relied upon by Crawl Space in support of its malpractice claims arose in Pennsylvania, New Jersey, and in Virginia. The majority of the events supporting the malpractice claim, however, arose in New Jersey and not in Pennsylvania or Virginia.

(4)    Convenience of the Parties. Based upon the relative physical and financial condition, this factor weighs in favor of transfer to Virginia. Crawl Space is a small business with a single location in Virginia Beach, Virginia. White & Williams however is a multi-location law firm with "over 200 lawyers in ten offices." See www. Whiteandwilliams.com/about-why-us. According to Dunn & Bradstreet, White & Williams generates a modelled $66.85 million dollars in sales. See, https://www.dnb.com/business-directory/company-profiles.white_and_williams_llp.851b0feb7c35d27c1cf00d68af81bc84.html. White & Williams is significantly better positioned to handle the expense of litigation away from its main office, both financially and logistically.

(5)    Convenience of the Witnesses. This factor requires consideration of the convenience to potential witnesses. In this case, however, there are unlikely to be witnesses other than the parties and expert witnesses which are likely to be drawn from diverse areas based primarily upon their expertise. And this factor applies "only to the extent that the witnesses may actually be unavailable for trial in one of the fora," which is not a significant concern in this case given that any witnesses are likely to be principally experts engaged by the parties and attorneys who are partners at White & Williams.

(6)     The Location of Books and Records. Factor 6 is "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." The malpractice case and the PPC case are both principally document driven, with the majority of the documents being generated during the course of litigation in the New Jersey case. Any books and records that are not part of the public record are likely to comprise a majority electronic records. There is no reason why the records in this and the Malpractice case cannot be produced in Virginia.

Public-Interest Factors

Public factors include: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases."

(1)     Enforceability of the Judgment. Given that the PPC case is brought against a Virginia entity, there is no concern that any judgment against Crawl Space might not be enforceable if the PPC case is transferred.

(2)     Practical Considerations.  As noted above, the majority of documents in both cases are similarly available in both forums as they are either public records and/or electronic records. Other practical considerations, given modern electronic and multi- district practice by law firms and attorneys, don't favor one jurisdiction over the other. Of the two principal attorneys handling the New Jersey case, Justin Proper, Esq., has appeared or is currently litigating cases in Arkansas, California,

Connecticut, Florida, Georgia, Louisiana, Massachusetts, New Mexico, New York, and Pennsylvania. See Pacer report attached as Exhibit "A." Siobhan Cole, Esq., has appeared or is currently litigating cases in Delaware, the District of Columbia, California, New Jersey, New York, and Pennsylvania. See Pacer report attached as Exhibit "B." Both attorneys are experienced litigators with significant experience litigating in jurisdictions outside of Pennsylvania. White & Williams also has the structure and financial resources to effectively litigate in Virginia.

(3)   Administrative Difficulty. Administratively, it is unlikely that there is any advantage to one forum or the other.

(4)   Local Interest. The Eastern District of Virginia has a local interest in determining harm caused to citizens of Virginia and residents of the District. The Eastern District of Pennsylvania has a local interest in the same regarding White & Williams, but White & Williams has chosen to attempt to recover what it claims as damages through a subsidiary in an attempt to avoid potential liability for the malpractice claim.

(5)   Public Policies. There is a significant public policy in allowing aggrieved parties to litigate matters in their home forum. Here, the more significant and consequential issues have been brought by Crawl Space in its home forum. Public policy would favor allowing Crawl Space to have its grievances heard in its home forum where the damages were actually felt. Especially since the dramatic loss to Crawl Space as a result of the preemption of its antitrust claims occurred in the Eastern District of Virginia and where it is located.

(6)   Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases.

9

This factor is unlikely to favor either Crawl Space or White & Williams. Federal courts are well versed in the application of state law outside of the jurisdiction of the court in which a matter is being litigated. In addition, in this case, whichever court hears the malpractice claim will be charged with interpreting and applying New Jersey state law. Presumably both courts are similarly competent in interpreting and applying law from a state outside of its jurisdiction.

Additional Matters.

The posture of both pending cases favors litigating the matter in the Eastern District of Virginia. The matter pending before this Court is a very small subset of the issues pending before the Eastern District of Virginia and does not involve the level of complexity inherent in the legal malpractice suit. It is a significantly less complex matter to incorporate the pending collection action in this Court into the larger and more complicated legal malpractice suit than to attempt to incorporate the malpractice suit into this collection action.

## SUMMARY

Transfer of this case is proper and meets the needs of judicial economy and the applicable standards of review of a motion to transfer. While deference to a first-to-file rule may generally apply, in circumstances such as these the first-to-file rule is superseded by the specifics of the currently pending cases. The Malpractice case encompasses a larger subset of facts and issues, and it is judicially economical to transfer the PPC collections case for consolidation with the Malpractice case. The issues at bar in the PPC collections case cannot resolve the malpractice claim, while the pending matter in the Eastern District of Virginia will, of necessity, resolve the collections action against Crawl Space. The private-interest factors and the public-interest

factors weigh in favor of transfer, and given the parties and the claims in the PPC case and the malpractice case, it is likely that the cases will be consolidated in the Eastern District of Virginia.

Finally, and importantly failing to consolidate the cases leads to the potential for inconsistent judgments. Crawl Space could be found liable in the PPC case and yet prevail in the Malpractice case, leading to the inconsistent results that Crawl Space is liable for legal fees to White & Williams that White & Williams is not entitled to because of its breach of duties to Crawl Space.

In the alternative, Crawl Space submits that an order staying the PPC case is proper pending the resolution of the Malpractice case to, at a minimum, avoid the possibility of inconsistent judgments.

Respectfully submitted,

WEIR GREENBLATT PIERCE LLP

Dated: June 2, 2022                 By: */s/ Steven E. Angstreich*
                                                   Steven E. Angstreich, Esquire
                                                   Attorney I.D. No.: 3739
                                                   1339 Chestnut Street, Suite 500
                                                   Philadelphia, PA 19107
                                                   215-665-8181
                                                 sangstreich@weirpartners.com

                                                 *Attorneys for Defendant, Crawl Space Door*
                                                 *System, Inc. d/b/a Crawl Space Door Systems,*
                                                 *Inc.*

11

# EXHIBIT "A"

| caseId | caseNumb | caseYear | courtId | firstName | generation | lastName | middleNan | partyRole | partyType |
|--------|----------|----------|---------|-----------|------------|----------|-----------|-----------|-----------|
| 249861 | 974 | 2021 | laedc | Justin | | Proper | | aty | aty |
| 527167 | 2265 | 2012 | cacdc | Justin | | Proper | E | aty | aty |
| 708194 | 3414 | 2018 | cacdc | Justin | | Proper | E | aty | aty |
| 116169 | 846 | 2018 | pamdc | Justin | | Proper | E | aty | aty |
| 116175 | 847 | 2018 | pamdc | Justin | | Proper | E | aty | aty |
| 47694 | 5242 | 2015 | arwdc | Justin | | Proper | E. | aty | aty |
| 91834 | 68 | 2011 | ctdc | Justin | | Proper | E. | aty | aty |
| 114744 | 1891 | 2016 | ctdc | Justin | | Proper | E. | aty | aty |
| 144653 | 727 | 2021 | ctdc | Justin | | Proper | E. | aty | aty |
| 245297 | 804 | 2010 | flmdc | Justin | | Proper | E. | aty | aty |
| 343034 | 2561 | 2017 | flmdc | Justin | | Proper | E. | aty | aty |
| 331256 | 60284 | 2009 | flsdc | Justin | | Proper | E. | aty | aty |
| 296679 | 4650 | 2021 | gandc | Justin | | Proper | E. | aty | aty |
| 297841 | 5081 | 2021 | gandc | Justin | | Proper | E. | aty | aty |
| 299632 | 456 | 2022 | gandc | Justin | | Proper | E. | aty | aty |
| 300447 | 838 | 2022 | gandc | Justin | | Proper | E. | aty | aty |
| 301611 | 79 | 2022 | gandc | Justin | | Proper | E. | aty | aty |
| 301616 | 1249 | 2022 | gandc | Justin | | Proper | E. | aty | aty |
| 186985 | 10291 | 2017 | madc | Justin | | Proper | E. | aty | aty |
| 464861 | 844 | 2021 | nmdc | Justin | | Proper | E. | aty | aty |
| 270849 | 2326 | 2008 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 306226 | 2561 | 2009 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 364212 | 2783 | 2010 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 366190 | 3175 | 2010 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 415149 | 2604 | 2011 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 446771 | 6736 | 2011 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 465541 | 4134 | 2012 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 476593 | 2445 | 2013 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 502275 | 1343 | 2015 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 503780 | 2167 | 2015 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 507520 | 4169 | 2015 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 536454 | 5008 | 2017 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 555714 | 1646 | 2019 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 538630 | 268 | 2018 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 564346 | 5377 | 2019 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 567547 | 724 | 2020 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 571724 | 2645 | 2020 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 572061 | 2823 | 2020 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 577246 | 5276 | 2020 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 586399 | 2882 | 2021 | paedc | JUSTIN | | PROPER | E. | aty | aty |
| 367179 | 7121 | 2020 | candc | Justin | | Proper | Edward | aty | aty |
| 553499 | 917 | 2021 | nysdc | Justin | | Proper | Edward | aty | aty |

# EXHIBIT "B"

| caseId | caseNumb | caseYear | courtId | firstName | generation | lastName | middleNam | partyRole | partyType |
|---|---|---|---|---|---|---|---|---|---|
| 172575 | 1039 | 2015 | dcdc | Siobhan | | Cole | K. | aty | aty |
| 56802 | 241 | 2015 | dedc | Siobhan | | Cole | K. | aty | aty |
| 1031218 | 1237 | 2017 | azdc | Siobhan | | Cole | Katherine | aty | aty |
| 240069 | 1855 | 2011 | candc | Siobhan | | Cole | Katherine | aty | aty |
| 294707 | 5691 | 2013 | njdc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 311701 | 7133 | 2014 | njdc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 431722 | 6852 | 2014 | nysdc | Siobhan | | Cole | Katherine | aty | aty |
| 219663 | 5346 | 2006 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 296707 | 998 | 2009 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 321303 | 4001 | 2009 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 365294 | 2959 | 2010 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 368646 | 3786 | 2010 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 393316 | 5639 | 2010 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 393661 | 5856 | 2010 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 401426 | 7183 | 2010 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 411892 | 52 | 2011 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 426703 | 4573 | 2011 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 452302 | 7070 | 2011 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 460887 | 1789 | 2012 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 481234 | 5066 | 2013 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 523289 | 5514 | 2016 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 527028 | 715 | 2017 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 527040 | 723 | 2017 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 528215 | 1214 | 2017 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 540545 | 1100 | 2018 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 522346 | 5044 | 2016 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 556160 | 1805 | 2019 | paedc | SIOBHAN | | COLE | KATHERINI | aty | aty |
| 73778 | 1902 | 2008 | pamdc | Siobhan | | Cole | Katherine | aty | aty |
| 83253 | 2503 | 2010 | pamdc | Siobhan | | Cole | Katherine | aty | aty |
| 85981 | 1321 | 2011 | pamdc | Siobhan | | Cole | Katherine | aty | aty |
| 121888 | 1420 | 2019 | pamdc | Siobhan | | Cole | Katherine | aty | aty |
| 122030 | 1497 | 2019 | pamdc | Siobhan | | Cole | Katherine | aty | aty |

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | CASE NO. 2:21-cv-05476-GAM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2022, I electronically filed the foregoing *Motion to Transfer Venue* with the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF system and served a copy via CM/ECF upon the following:

Peter J. Mooney, Esquire
Farzana Islam, Esquire
White & Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
mooneyp@whiteandwilliams.com
islamf@white@williams.com
*Attorneys for Plaintiff*


/s/ *Steven E. Angstreich*
Steven E. Angstreich, Esquire

1