**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRAWL SPACE DOOR SYSTEM, INC., d/b/a : | |
| CRAWL SPACE DOOR SYSTEMS, INC., : | |
| : | |
| *Plaintiff*, : | CIVIL ACTION |
| : | Case No. 2:22-cv-004698-GAM |
| : | |
| v. : | |
| : | |
| WHITE & WILLIAMS LLP, : | |
| : | |
| *Defendant*. : | |

## WHITE AND WILLIAMS LLP'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant White and Williams LLP ("WW"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court to dismiss the Amended Complaint of plaintiff Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. (hereinafter "Crawl Space") for failure to state a claim upon which relief can be granted, stating as follows:

## I.   INTRODUCTION AND FACTS

This case arises out of WW's' legal representation of Crawl Space in a suit brought by Smart Vent Products, Inc. in the United States District Court for the District of New Jersey, Case No. 1:13-cv-5691 ("the New Jersey litigation"). While the lawsuit was filed in September, 2013, WW was not was retained until October, 2015, when Crawl Space contacted Michael Onufrak, a former partner at White and Williams, seeking representation (Am. Compl., ¶ 20).[1]

The Smart Vent suit against Crawl Space alleged the following claims: 1) Unfair Competition under the Lanham Act, 15 U.S.C. § 1125; 2) Unfair Competition under New Jersey Statute (Amended) §§ 56:4-1 and 2; 3) Common Law Unfair Competition; 4) Negligent Misrepresentation; and 5) Federal Trademark Infringement under 15 U.S.C. § 1114 (ECF 3, Am.

---

[1] Crawl Space was initially represented by Rivkin Radler LLP until the firm withdrew its appearance. (Am. Compl. ¶ 20).

Compl.at ¶ 1-2). Crawl Space filed a Counterclaim for false advertising, unfair competition, and trademark cancellation (Am. Compl., ¶ 19). A copy of Smart Vent's Amended Complaint is attached as Exhibit A.

Crawl Space did not allege any antitrust claims in the counterclaims it asserted in the New responding to Smart Vent's Amended Complaint. A copy of Crawl Space's Answer and Affirmative Defenses and Counterclaims is attached as Exhibit B. A few months before the trial, on June 18, 2019, Crawl Space filed a separate suit against Smart Vent in the United States District Court for the Eastern District of Virginia, Case No. 2:19-cv-320, seeking damages for alleged violations of the Sherman Act. (Am. Compl, ¶¶ 4, 5, 26, 31).

Trial in the New Jersey litigation was held in October, 2019 and resulted in a verdict in favor of Crawl Space on all the Smart Vent claims together with an award of $300,000 to Crawl Space on its Counterclaim against Smart Vent (Am. Compl., ¶ 31).

On November 23, 2021, after the New Jersey litigation was concluded, WW's collection arm, Philadelphia Professional Collections, LLC ("PPC"), brought an action for unpaid legal fees against Crawl Space in the Philadelphia Court of Common Pleas. Crawl Space removed the case to this court, Case No.: 2:21-cv-5476 ("the Pennsylvania litigation"). Crawl Space answered, but did not file a counterclaim. On November 22, 2022, this Court granted summary judgment in favor of PPC and against Crawl Space in the amount of $797,613.45.

In this case, Crawl Space alleges that WW's representation in the New Jersey litigation was deficient in that the case it presented at trial "legally and factually" preempted antitrust claims against Smart Vent in Virginia (Am. Compl., ¶ 7). Crawl Space is seeking damages in excess of $30,000,000 as a result of White and Williams' allegedly deficient legal representation (Am. Compl., ¶ 8).

## II.    ARGUMENT

Crawl Space's Amended Complaint against White and Williams fails to state a claim upon which relief can be granted, and it should be dismissed.

The essence of the Amended Complaint is that WW damaged the value of Crawl Space's antitrust claims against Smart Vent.  But Crawl Space did not include antitrust causes of action in its counterclaims in the New Jersey litigation and therefore waived them, and they are barred by res judicata. Crawl Space therefore lost nothing due to any conduct of WW. Crawl Space also waived its claim for malpractice by not raising a malpractice counterclaim when it answered the Pennsylvania litigation Complaint for legal fees.

### A.    CRAWL SPACE'S CLAIMS ARE BARRED BY THE COMPULSORY COUNTERCLAIM RULE

#### 1.    The Compulsory Counterclaim Rule

Fed. R. Civ. P. 13 (a) states that "A pleading must state as a counterclaim any claim that —at the time of its service —the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." "The policy underlying this rule is judicial economy." Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc., 292 F.3d 384, 389 (3d Cir. 2002) (*citing* Fed. R. Civ. P. 1; S. Const. Co. v. Pickard, 371 U.S. 57 (1962); Aldens, Inc. v. Packel, 524 F.2d 38, 51 (3d Cir. 1975)); *see* Southern Const. Co., 371 U.S. 57, 60 (1962) (Rule 13(a)'s purpose is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters"); The fundamental policy" underlying Rule 13 is "the expeditious resolution of all controversies growing out of the same transaction or occurrence or between the same parties in a single suit." Id. at 51.

"For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim 'bears a logical relationship to an opposing party's claim.' Transamerica Occidental Life Ins. Co., 292 F.3d at 389–90 (citing Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978)).  As noted by the Third Circuit, "[t]he concept of a 'logical relationship' has been viewed liberally to promote judicial economy.  Thus, a logical relationship between claims exists where separate trials on each of the claims would 'involve a substantial duplication of effort and time by the parties and the courts.'" Id. (citing Xerox Corp., 576 F.2d at 1059). "Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties." Id. (citing Xerox Corp., 576 F.2d at 1059; Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir.1961)). "In short, the objective of Rule 13(a) is to promote judicial economy, so the term 'transaction or occurrence' is construed generously to further this purpose." Id.

"A compulsory counterclaim must be asserted in the answer or a defendant will be barred from litigating it." Geisinger Med. Ctr. v. Gough, 160 F.R.D. 467, 470 (M.D. Pa. 1994) (citing Olympia Hotels Corp. v. Johnson Wax Dev. Corp., 908 F.2d 1363 (7th Cir. 1990); Technographics, Inc. v. Mercer Corp., 142 F.R.D. 429 (M.D. Pa. 1992)); see also Xerox Corp., 576 F.2d at 1059 ("the doctrine of res judicata compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently.") (citing Great Lakes  Rubber Corp., 286 F.2d at 634).  Here, Crawl Space did not assert claims for antitrust violations among its counterclaims in the New Jersey litigation, and waived them for the reasons discussed below.

-4-

2.      **Crawl Space Failed to Assert Compulsory Antitrust Counterclaims in the New Jersey Litigation**

As noted above, Smart Vent sued Crawl Space in September, 2013 in the District of New Jersey. Smart Vent alleged claims for statutory and common law unfair competition, misrepresentation, and trademark infringement.  A copy of Smart Vent's Amended Complaint is attached as Exhibit A. Crawl Space filed its Answer and Counterclaims to the original Complaint on August 6, 2014. A copy is attached as Exhibit B.  Although Crawl Space raised several defenses in response, and asserted counterclaims, it made no mention of antitrust liability against Smart Vent.

If Crawl Space had good faith antitrust claims, it was required to bring them as counterclaims in the New Jersey litigation. Crawl Space's antitrust claims bore a close logical relationship to Smart Vent's unfair competition claims, but were not asserted.  The two parties were competing in the flood vent industry and each accused the other of competing unfairly.

Instead, Crawl Space waited until several months before trial of the New Jersey litigation  to retain another lawyer and file a Complaint against Smart Vent under Sections 1 and 2 of the Sherman Act in the Eastern District of Virginia. A copy of the Amended Complaint is attached as Exhibit C.  Smart Vent moved to dismiss Crawl Space's Amended Complaint.  The Court dismissed the Section 1 claim.  Thereafter, the case was settled.

Because Crawl Space failed to assert its antitrust claims in response to Smart Vent's Amended Complaint, it waived them and they are barred by res judicata.  Nothing done or not done by WW caused the loss of those claims, and Crawl Space has no claim for malpractice damages because the claims became worthless when waived.

**3.** **Crawl Space Was Required to Raise the Legal Malpractice Claim in the Pennsylvania litigation, and Waived It By Failing to Assert It**

Crawl Space was required to bring this legal malpractice action against WW as a compulsory counterclaim in the Pennsylvania fee litigation, where PPC, an arm of White and Williams, sought to collect its unpaid legal fees incurred in the New Jersey litigation. Since Crawl Space failed to assert an antitrust counterclaim in the Pennsylvania litigation, this case is barred. Crawl Space was rebuffed in its misguided attempt to transfer the Pennsylvania litigation to New Jersey, and then to Virginia (see Exhibits D and E, Orders Denying Motions to Transfer Venue) ("A defense of malpractice was not asserted either in the Answer filed in December 2021, ECF 3, or the Rule 16 conference held in March 2022, ECF 12", and "[t]he underlying matter was tried in October 2019, and according to the Complaint Defendant had retained new counsel by October 2020, yet no malpractice claim was brought until now.")

The Pennsylvania  litigation was brought by PPC on behalf of WW, but as noted by Crawl Space in its Motion to Transfer Venue to the Eastern District of Virginia (Exhibit F hereto), "[a]lthough the matter was brought by PPC, PPC is simply a collection arm of the law firm White and Williams and the Court has already noted that '[i]n practical terms, it is White and Williams bringing this action.'", and that "this Court has already recognized that the PPC case is in reality White and Williams suing Crawl Space. The parties in both the PPC case and the Malpractice case are therefore the same." Ex. F at pp. 1, 3.

In its second Motion to Transfer Venue, Crawl Space acknowledged the relationship between the Pennsylvania fee  litigation and the Virginia antitrust litigation, stating that White and Williams' legal representation of Crawl Space in the New Jersey litigation "is the basis for the claim made by PPC for unpaid legal fees."; that "the claim for unpaid fees by White

-6-

and Williams will be resolved in the Malpractice case"; and that "[g]iven the related issues and parties, there is a strong likelihood that the pending cases will be consolidated. The two pending causes of action can result in one in which Crawl Space is found liable to pay legal fees and in the other Crawl Space may have judgment in its favor for legal malpractice against the same law firm." <u>Id.</u> at pp. 2-3, 9.

Crawl Space also noted the risk of inconsistent judgments were the cases not consolidated: "Crawl Space could be found liable in the PPC case and yet prevail in the Malpractice case, leading to the inconsistent results that Crawl Space is liable for legal fees to White and Williams that White and Williams is not entitled to because of its breach of duties to Crawl Space." Ex. F at p. 11. Therefore, the malpractice claim now presented in this Court is an offshoot of the Pennsylvania litigation. By Crawl Space's own admission, the present case would necessarily involve a duplication of effort, involving the same factual and legal issues as those raised in the Virginia litigation that is now before this Court. *See* <u>Transamerica Occidental Life Ins. Co.</u>, 292 F.3d at 389–90; <u>Geisinger Medical Center</u>, 160 F.R.D. at 469–70.

The two cases – one for unpaid legal fees and the other for legal malpractice - necessarily bear a logical relationship. Many federal and state courts, both in the Third Circuit and elsewhere, have found that claims for unpaid legal fees and a client's suit for malpractice are compulsory counterclaims where they are related to the same legal matter for which the client engaged the attorney; courts have held the same in claims for medical malpractice and claims for unpaid medical fees. *See* <u>L. Offs. of Jerris Leonard, P.C. v. Mideast Sys., Ltd.</u>, 111 F.R.D. 359, 361 (D.D.C. 1986) ("Under this standard, it is hard to imagine a clearer compulsory counterclaim to a complaint for failure to pay legal fees than a legal malpractice

claim stemming from the handling of the litigation for which fees are sought. The party

raising the malpractice claim is in effect asserting a defense of failure to perform to the

lawyer's claim for breach of contract. The testimony and documents necessary to litigate both

claims are likely to be substantially the same."); Yarn v. Hamburger L. Firm, LLC, No.

CIV.A. 1:12-03096, 2014 WL 2964986, at *4 (D. Md. June 30, 2014) (unreported) ("In this

case, Defendants have asserted a counterclaim arising out of the same contract at issue in the

initial Complaint. Thus, the parties will raise the same issues of fact and use the same

evidence to support and refute Plaintiffs' claim for breach of contract and Defendants'

counterclaim. Furthermore, there is a logical relationship between the claim and the

counterclaim. As such, this Court concludes that Defendants' counterclaim is compulsory.");

Cumberland Farms, Inc. v. Lexico Enterprises, Inc., No. 10-CV-4658 ADS AKT, 2012 WL

526716, at *8 (E.D.N.Y. Feb. 16, 2012) (unreported) ("This case is unlike attorney

malpractice suits, relied upon by the Defendant, where courts have almost unanimously held

that causes of action for attorneys' fees are compulsory counterclaims.") (citing D'Jamoos v.

Griffith, 368 F. Supp. 2d 200, 204 (E.D.N.Y. 2005); Law Offices of Jerris Leonard, P.C., 111

F.R.D. at 361); Geisinger Medical Center, 160 F.R.D. at 469–70 ("Under this analysis, the

defendants' medical malpractice claim is a compulsory counterclaim to the plaintiff's claim

for unpaid medical bills. In pursuit of that counterclaim, the defendants will be attempting to

prove that the care Andrew Gough received failed to meet a reasonable standard of care; in

essence, attempting to prove that the plaintiff failed to perform its contractual obligations, a

well-established defense to an action for breach of contract...The counterclaim is thus an

offshoot of the same basic controversy as the plaintiff's claim and necessarily involves

common issues of law and fact that would require duplicative effort if tried in a separate

action. Other courts have reached the same conclusion in the same or similar circumstances.") (*citing* In re McCoy, 373 F. Supp. 870, 873 (W.D. Tex. 1974); Law Offices of Jerris Leonard, P.C., 111 F.R.D. 359; Computone Corp. v. Derieux, No. CIV. A. 93-CV-3368, 1994 WL 29594, at *3 (E.D. Pa. Jan. 28, 1994) n. 5 (E.D. Pa. 1994)); D'Jamoos, 368 F. Supp. 2d at 204 ("courts hold that legal malpractice claims and counterclaims for legal fees arising from that litigation are 'logically related'"); Legal Malpractice Claim Is Compulsory Counterclaim In Suit For Unpaid Legal Fees, 39 No. 3 Professional Liability Reporter art. 11 (*citing* Soler v. Evans, St. Clair & Kelsey, 2002-Ohio-1246, 94 Ohio St. 3d 432, 763 N.E.2d 1169; Harper v. Anthony, 2014 WL 265574 (Ohio App. Jan. 23, 2014)).

Crawl Space is barred from pursuing this action, since it is clear that its claims for legal malpractice should have been brought as a counterclaim in the Pennsylvania litigation. The Amended Complaint should be dismissed.

## III.   CONCLUSION

Plaintiff Crawl Space's Amended Complaint against White and Williams fails to state a claim upon which relief can be granted.  Crawl Space's claim for legal malpractice is barred as it was required to bring its antitrust claims as compulsory counterclaims in the New Jersey litigation, and should have alleged its malpractice claim against WW as a compulsory counterclaim in the Pennsylvania litigation. Therefore, WW's Motion to Dismiss should be granted.

WHEREFORE, defendant White and Williams LLP respectfully requests that this Court grant its Motion to Dismiss, and that an Order be entered dismissing the Amended Complaint of Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc., with prejudice, with an award to White and Williams for its costs.

30080321v.1

**WHITE AND WILLIAMS LLP**

By: /s/ Peter J. Mooney
     Peter J. Mooney, Esquire
     1650 Market Street
     Suite 1800
     Philadelphia, PA 19103
     (215) 864-7018/7164

*Attorneys for Defendant,*
*White and Williams LLP*

Date: December 30, 2022

30080321v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRAWL SPACE DOOR SYSTEM, INC., d/b/a : | |
| CRAWL SPACE DOOR SYSTEMS, INC. : | |
| : | |
| *Plaintiff*, : | CIVIL ACTION |
| : | Case No. 2:22-cv-04698-GAM |
| : | |
| v. : | |
| : | |
| WHITE & WILLIAMS LLP, : | |
| : | |
| *Defendant*. : | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Peter J. Mooney, Esquire, hereby certify that on December 30, 2022, I caused a true and correct copy of the foregoing White and Williams LLP's Motion to Dismiss and accompanying Memorandum in Support of Motion to Dismiss to be electronically filed and served via the Court's electronic filing system upon the parties registered to receive electronic filings. Parties may access this filing through the Court's CM/ECF system.

**WHITE AND WILLIAMS LLP**

By:    /s/ Peter J. Mooney

Peter J. Mooney
*Attorneys for Defendant,*
*White and Williams, LLC*
1650 Market Street
Suite 1800
Philadelphia, PA 19103
(215) 864-7018

30080321v.1