# EXHIBIT B

John Robertelli, Esq. (012601990)
John.robertelli@rivkin.com
Patricia E. Doran, Esq. (044791992)
Patricia.doran@rivkin.com
RIVKIN RADLER LLP
21 Main Street, Suite 158
Court Plaza South, West Wing
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

Stephen J. Smirti, Jr., Esq.
Michael C. Cannata, Esq.
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
*Counsel for Defendant/Counterclaim Plaintiff,*
*Crawl Space Door System, Inc., d/b/a*
*Crawl Space Door Systems, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMART VENT PRODUCTS, INC.,<br><br>      Plaintiff,<br><br>  -against-<br><br>CRAWL SPACE DOOR SYSTEM, INC.,<br>D/B/A CRAWL SPACE DOOR SYSTEMS,<br>INC.<br><br>      Defendant. | Civil Action No.:<br>  1:13-cv-05691<br><br>Hon. Jerome B. Simandle<br><br>Hon. Karen M. Williams<br><br>**CRAWL SPACE DOOR SYSTEM, INC.,**<br>**d/b/a CRAWL SPACE DOOR SYSTEMS,**<br>**INC.'S AMENDED ANSWER,**<br>**AFFIRMATIVE DEFENSES, AND**<br>**COUNTERCLAIMS** |
| CRAWL SPACE DOOR SYSTEM, INC.,<br>D/B/A CRAWL SPACE DOOR SYSTEMS,<br>INC.,<br><br>  Counterclaim Plaintiff,<br><br>  -against-<br><br>SMART VENT PRODUCTS, INC.<br><br>      Counterclaim Defendant. | |

Defendant/Counterclaim Plaintiff Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc. ("Crawl Space"), by and through its attorneys, RIVKIN RADLER LLP, answers the allegations contained in the Complaint ("Complaint") as follows:

## PARTIES

1.   Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2.   Crawl Space admits the allegations contained in paragraph "2" of the Complaint.

## JURISDICTION AND VENUE

3.   The allegations contained in paragraph "3" of the Complaint are legal conclusions to which no response is required.

4.   The allegations contained in paragraph "4" of the Complaint are legal conclusions to which no response is required.

## FACTS

5.   Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6.   Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

D7-2

7.   Crawl Space admits the allegations contained in paragraph "7" of the Complaint.

8.   Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9.   Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and refers all questions of law to the Court.

10.   Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and refers all questions of law to the Court.

11.   Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and refers all questions of law to the Court.

12.   Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint and refers the Court to the exhibit cited therein and refers all questions of law to the Court.

13.   Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations

D7-3

contained in paragraph "13" of the Complaint and refers all questions of law to the Court.

14. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint and refers all questions of law to the Court.

15. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint and refers all questions of law to the Court.

16. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint and refers the Court to the exhibit cited therein and refers all questions of law to the Court.

17. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint and refers the Court to the exhibit cited therein and refers all questions of law to the Court.

18. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint and refers all questions of law to the Court.

D7-4

19. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint and refers all questions of law to the Court.

20. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint and refers the Court to the exhibit cited therein and refers all questions of law to the Court.

21. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint and refers all questions of law to the Court.

22. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint and refers all questions of law to the Court.

23. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint and refers the Court to the exhibit cited therein and refers all questions of law to the Court.

24. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations

D7-5

contained in paragraph "24" of the Complaint and refers the Court to the exhibit cited therein and refers all questions of law to the Court.

25. Crawl Space admits the allegations contained in paragraph "25" of the Complaint.

26. Crawl Space admits the allegations contained in paragraph "26" of the Complaint.

27. Crawl Space admits the allegations contained in paragraph "27" of the Complaint.

28. Crawl Space admits the allegations contained in paragraph "28" of the Complaint.

29. Crawl Space denies the allegations contained in paragraph "29" of the Complaint.

30. Crawl Space admits the allegations contained in paragraph "30" of the Complaint.

31. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint and refers all questions of law to the Court.

32. Crawl Space admits the allegations contained in paragraph "32" of the Complaint.

33. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations

D7-6

contained in paragraph "33" of the Complaint and refers all questions of law to the Court.

34. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint and refers all questions of law to the Court.

35. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint and refers all questions of law to the Court.

36. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint and refers all questions of law to the Court and refers the Court to the exhibit cited therein.

37. Crawl Space admits the allegations contained in paragraph "37" of the Complaint.

38. Crawl Space denies the allegations contained in paragraph "38" of the Complaint.

39. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint and refers all questions of law to the Court and refers the Court to the exhibit cited therein.

40. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint and refers all questions of law to the Court.

41. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint and refers all questions of law to the Court.

42. Crawl Space denies the allegations contained in paragraph "42" of the Complaint.

43. Crawl Space denies the allegations contained in paragraph "43" of the Complaint.

44. Crawl Space admits the allegations contained in paragraph "44" of the Complaint.

45. Crawl Space denies the allegations contained in paragraph "45" of the Complaint.

46. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint.

47. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint.

48. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph "48" of the Complaint and refers the Court to the exhibit cited therein.

49. Crawl Space denies the allegations contained in paragraph "49" of the Complaint.

50. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint.

51. Crawl Space denies the allegations contained in paragraph "51" of the Complaint.

52. Crawl Space admits the allegations contained in paragraph "52" of the Complaint.

53. Crawl Space denies the allegations contained in paragraph "53" of the Complaint.

54. Crawl Space denies the allegations contained in paragraph "54" of the Complaint.

55. Crawl Space denies the allegations contained in paragraph "55" of the Complaint.

56. Crawl Space denies the allegations contained in paragraph "56" of the Complaint.

57. Crawl Space denies the allegations contained in paragraph "57" of the Complaint.

58. Crawl Space denies the allegations contained in paragraph "58" of the Complaint.

**D7-9**

59. Crawl Space admits the allegations contained in paragraph "59" of the Complaint.

60. Crawl Space denies the allegations contained in paragraph "60" of the Complaint.

61. Crawl Space admits the allegations contained in paragraph "61" of the Complaint.

62. Crawl Space admits the allegations contained in paragraph "62" of the Complaint.

63. Crawl Space denies the allegations contained in paragraph "63" of the Complaint and refers the Court to the exhibit cited therein.

64. Crawl Space denies the allegations contained in paragraph "64" of the Complaint and refers the Court to the exhibit cited therein.

65. Crawl Space denies the allegations contained in paragraph "65" of the Complaint.

66. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Complaint and refers all questions of law to the Court.

67. Crawl Space denies the allegations contained in paragraph "67" of the Complaint.

68. Crawl Space admits the allegations contained in paragraph "68" of the Complaint.

69. Crawl Space denies the allegations contained in paragraph "69" of the Complaint.

70. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Complaint and refers all questions of law to the Court and refers the Court to the exhibit cited therein.

71. Crawl Space denies the allegations contained in paragraph "71" of the Complaint.

72. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Complaint and refers all questions of law to the Court.

73. Crawl Space denies the allegations contained in paragraph "73" of the Complaint.

74. Crawl Space denies the allegations contained in paragraph "74" of the Complaint.

## CAUSES OF ACTION

### Count I
### Unfair Competition, 15 U.S.C. § 1125

75. Crawl Space repeats and reiterates each and every denial and response heretofore made in answer to the allegations contained in paragraphs "1" through "74" as if more fully set forth herein.

11

**D7-11**

76. The allegations contained in paragraph "76" of the Complaint are legal conclusions to which no response is required.

77. Crawl Space denies the allegations contained in paragraph "77" of the Complaint and refers all questions of law to the Court.

78. Crawl Space denies the allegations contained in paragraph "78" of the Complaint and refers all questions of law to the Court.

79. Crawl Space denies the allegations contained in paragraph "79" of the Complaint and refers all questions of law to the Court.

80. Crawl Space denies the allegations contained in paragraph "80" of the Complaint and refers all questions of law to the Court.

81. Crawl Space denies the allegations contained in paragraph "81" of the Complaint and refers all questions of law to the Court.

82. Crawl Space denies the allegations contained in paragraph "82" of the Complaint and refers all questions of law to the Court.

83. Crawl Space denies the allegations contained in paragraph "83" of the Complaint and refers all questions of law to the Court.

D7-12

84. Crawl Space denies the allegations contained in paragraph "84" of the Complaint and refers all questions of law to the Court.

85. Crawl Space denies the allegations contained in paragraph "85" of the Complaint and refers all questions of law to the Court.

86. Crawl Space admits the allegations contained in paragraph "86" of the Complaint.

87. Crawl Space denies the allegations contained in paragraph "87" of the Complaint and refers all questions of law to the Court.

**Count II**
**Unfair Competition, N.J.S.A. §§ 56:4-1 AND 56:4-2**

88. Crawl Space repeats and reiterates each and every denial and response heretofore made in answer to the allegations contained in paragraphs "1" through "87" as if more fully set forth herein.

89. The allegations contained in paragraph "89" of the Complaint are legal conclusions to which no response is required.

90. Crawl Space denies the allegations contained in paragraph "90" of the Complaint and refers all questions of law to the Court.

91. Crawl Space denies the allegations contained in paragraph "91" of the Complaint and refers all questions of law to the Court.

92. Crawl Space denies the allegations contained in paragraph "92" of the Complaint and refers all questions of law to the Court.

93. Crawl Space denies the allegations contained in paragraph "93" of the Complaint and refers all questions of law to the Court.

94. Crawl Space denies the allegations contained in paragraph "94" of the Complaint and refers all questions of law to the Court.

95. Crawl Space denies the allegations contained in paragraph "95" of the Complaint and refers all questions of law to the Court.

96. Crawl Space denies the allegations contained in paragraph "96" of the Complaint and refers all questions of law to the Court.

97. Crawl Space denies the allegations contained in paragraph "97" of the Complaint and refers all questions of law to the Court.

98. Crawl Space denies the allegations contained in paragraph "98" of the Complaint and refers all questions of law to the Court.

D7-14

99. Crawl Space admits the allegations contained in paragraph "99" of the Complaint.

100. Crawl Space denies the allegations contained in paragraph "100" of the Complaint and refers all questions of law to the Court.

## Count III
## Unfair Competition, Common Law

101. Crawl Space repeats and reiterates each and every denial and response heretofore made in answer to the allegations contained in paragraphs "1" through "100" as if more fully set forth herein.

102. Crawl Space denies the allegations contained in paragraph "102" of the Complaint and refers all questions of law to the Court.

103. Crawl Space denies the allegations contained in paragraph "103" of the Complaint and refers all questions of law to the Court.

104. Crawl Space denies the allegations contained in paragraph "104" of the Complaint and refers all questions of law to the Court.

105. Crawl Space denies the allegations contained in paragraph "105" of the Complaint and refers all questions of law to the Court.

D7-15

106. Crawl Space denies the allegations contained in paragraph "106" of the Complaint and refers all questions of law to the Court.

107. Crawl Space denies the allegations contained in paragraph "107" of the Complaint and refers all questions of law to the Court.

108. Crawl Space denies the allegations contained in paragraph "108" of the Complaint and refers all questions of law to the Court.

109. Crawl Space denies the allegations contained in paragraph "109" of the Complaint and refers all questions of law to the Court.

110. Crawl Space denies the allegations contained in paragraph "110" of the Complaint and refers all questions of law to the Court.

111. Crawl Space denies the allegations contained in paragraph "111" of the Complaint and refers all questions of law to the Court.

**Count IV**
**Negligent Misrepresentation**

112. Crawl Space repeats and reiterates each and every denial and response heretofore made in answer to the allegations contained in paragraphs "1" through "111" as if more fully set forth herein.

16

D7-16

113. Crawl Space denies the allegations contained in paragraph "113" of the Complaint and refers all questions of law to the Court.

114. Crawl Space denies the allegations contained in paragraph "114" of the Complaint and refers all questions of law to the Court.

115. Crawl Space denies the allegations contained in paragraph "115" of the Complaint and refers all questions of law to the Court.

116. Crawl Space denies the allegations contained in paragraph "116" of the Complaint and refers all questions of law to the Court.

117. Crawl Space denies the allegations contained in paragraph "117" of the Complaint and refers all questions of law to the Court.

118. Crawl Space denies the allegations contained in paragraph "118" of the Complaint and refers all questions of law to the Court.

119. Crawl Space denies the allegations contained in paragraph "119" of the Complaint and refers all questions of law to the Court.

120. Crawl Space denies the allegations contained in paragraph "120" of the Complaint and refers all questions of law to the Court.

D7-17

121. Crawl Space denies the allegations contained in paragraph "121" of the Complaint and refers all questions of law to the Court.

122. Crawl Space denies the allegations contained in paragraph "122" of the Complaint and refers all questions of law to the Court.

123. Crawl Space denies the allegations contained in paragraph "123" of the Complaint and refers all questions of law to the Court.

## Count V
## Federal Trademark Infringement, 15 U.S.C. § 1114

124. Crawl Space repeats and reiterates each and every denial and response heretofore made in answer to the allegations contained in paragraphs "1" through "123" as if more fully set forth herein.

125. Crawl Space denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "125" of the Complaint.

126. Crawl Space denies the allegations contained in paragraph "126" of the Complaint and refers all questions of law to the Court.

127. Crawl Space denies the allegations contained in paragraph "127" of the Complaint and refers all questions of law to the Court.

D7-18

128. Crawl Space denies the allegations contained in paragraph "128" of the Complaint and refers all questions of law to the Court.

129. Crawl Space denies the allegations contained in paragraph "129" of the Complaint and refers all questions of law to the Court.

130. Crawl Space denies the allegations contained in paragraph "130" of the Complaint and refers all questions of law to the Court.

131. Crawl Space denies the allegations contained in paragraph "131" of the Complaint and refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (STANDING)

Plaintiff does not have standing to assert the claims for relief in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (NO WILLFUL INFRINGEMENT)

Crawl Space did not engage in willful infringement of the trademark(s) in suit.

D7-19

### FOURTH AFFIRMATIVE DEFENSE
### (NO RELIANCE)

Plaintiff has not relied on any alleged misrepresentations made by Crawl Space.

### FIFTH AFFIRMATIVE DEFENSE
### (ACQUIESCENCE, LACHES, DELAY, WAIVER, AND/OR ESTOPPEL)

The Complaint is barred, in whole or in part, under principles of acquiescence, laches, delay, waiver, and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (NO INJURY OR DAMAGES)

The Complaint is barred on the ground and to the extent that Plaintiff has not suffered any injury or damages as a result of any alleged acts or omissions by Crawl Space.

### SEVENTH AFFIRMATIVE DEFENSE
### (NO LIKELIHOOD OF CONSUMER CONFUSION)

The Complaint is barred, in whole or in part, on the ground that Crawl Space did not engage in any conduct that is likely to cause consumer confusion or initial interest confusion.

### EIGHTH AFFIRMATIVE DEFENSE
### (NO INFRINGEMENT)

The Complaint is barred, in whole or in part, on the grounds that Crawl Space did not engage in any activities that infringe upon, or violate, any of Plaintiff's rights.

**D7-20**

### NINTH AFFIRMATIVE DEFENSE
### (FAIR USE)

The Complaint is barred, in whole or in part, to the extent that Crawl Space's alleged use of Plaintiff's trademark(s) is in its descriptive sense, or generic sense, or both and thus, constitutes fair use.

### TENTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

The Complaint is barred, in whole or in part, by the applicable statute(s) of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE
### (CANCELLATION)

Plaintiff's trademark is generic or descriptive or both and, thus, invalid and unenforceable and subject to cancellation.

### TWELFTH AFFIRMATIVE DEFENSE
### (Reservation)

Crawl Space reserves the right to amend its Answer and to assert additional defenses and/or supplement, alter or change this Answer at any time and/or upon completion of appropriate investigation and discovery, up to and including the time of trial.

**D7-21**

**WHEREFORE**, for all the above reasons, Crawl Space respectfully requests that the Court enter judgment in favor of Crawl Space and against Plaintiff as follows:

(i) Denying Plaintiff all relief requested in Plaintiff's wherefore clause;

(ii) Dismissing the Complaint with prejudice;

(iii) Awarding Crawl Space its fees, costs, and disbursements; and

(iv) Granting such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

In accordance with Rule 15 of the Federal Rules of Civil Procedure and this Court's Order dated July 16, 2014, Defendant/Counterclaim Plaintiff, Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc. ("Crawl Space") hereby files the below counterclaims against Plaintiff/Counterclaim Defendant Smart Vent Products, Inc. ("Smart Vent") as follows:

## INTRODUCTION

1.   Crawl Space incorporates herein by reference each and every allegation, answer, denial, and affirmative defense set forth in the above paragraphs.

2.   Smart Vent is engaged in an advertising campaign, the purpose of which is to: (i) malign Crawl Space, a direct competitor in the flood vent industry; and (ii) falsely characterize Smart Vent's flood vent products as the preeminent products on the market.

22

3.    Smart Vent's patterned course of anti-competitive conduct is impairing Crawl Space's ability to effectively compete in the flood vent market and has, and will continue to, damage Crawl Space.

**PARTIES, JURISDICTION, AND VENUE**

4.    Upon information and belief, Smart Vent is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Florida, and maintains its principal place of business in Pitman, New Jersey.

5.    Upon information and belief, Smart Vent: (i) markets and sells flood vents and other products throughout the country, including within the District of New Jersey; and (ii) transacts business in New Jersey and has engaged, and continues to engage, in the below referenced culpable conduct in New Jersey.

6.    Crawl Space is a corporation organized and existing under the laws of the State of Virginia, and maintains its principal place of business in Virginia Beach, Virginia.

7.    Crawl Space's causes of action against Smart Vent allege violations of 15 U.S.C. §§ 1064 and 1125(a).

8.    The Court has subject matter jurisdiction over Crawl Space's causes of action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

9.    Venue is proper under 28 U.S.C. § 1391.

**BACKGROUND**

10.  Crawl Space designs and sells, among other products, flood vents for installation in foundation walls.

11.  Foundation flood vents permit the ingress and egress of flood waters into the lower levels of building structures during flood events in order to equalize the hydrostatic pressure exerted on foundation walls during flood events.

12.  By equalizing hydrostatic pressure, the potential for catastrophic structural damage to foundation walls during flood events significantly decreases.

13.  Crawl Space has designed and sold multiple engineered flood vent models which have been certified by professional engineers as meeting or exceeding certain requirements concerning flood vents promulgated by the Federal Emergency Management Agency ("FEMA") and the National Flood Insurance Program ("NFIP").

14.  As a result of Crawl Space's significant investments in designing and developing foundation flood vent products, Crawl Space is universally recognized as an industry leader in the flood vent industry.

15.  Smart Vent and Crawl Space are direct competitors in the flood vent industry.

16.  Crawl Space and Smart Vent both sell foundation flood vents, including those at issue herein, in interstate commerce.

24

## SMART VENT'S DISPARAGING VIDEO

17. On or about December 22, 2009, Smart Vent uploaded, or had uploaded on its behalf, a video to www.youtube.com entitled "Smart Vent, Inc."

18. The "Smart Vent, Inc." video is currently available to the general public, including prospective purchasers of foundation flood vents, at www.youtube.com/watch?v=tuLv5JSj4UE.

19. In addition, the "Smart Vent, Inc." video was previously available to the general public, including prospective purchasers of foundation flood vents, on Smart Vent's website located at www.smartvent.com/media/view/customer-testimonials.

20. The "Smart Vent, Inc." video has been viewed no fewer than two-hundred and eighty-two (282) times since it was uploaded to the internet.

21. The purpose of the "Smart Vent, Inc." video is, and was, to commercially advertise the benefits of Smart Vent's flood vents.

22. By publishing the "Smart Vent, Inc." video on the internet, Smart Vent sought, and continues, to influence consumers of flood vent products to purchase Smart Vent's flood vents.

23. Further, by publishing the "Smart Vent, Inc." video on the internet, Smart Vent sought, and continues, to persuade

25

consumers of flood vent products to purchase Smart Vent's flood vent products instead of competing flood vent products offered by Smart Vent's competitors, including Crawl Space.

24.   However, a review of the content of the "Smart Vent, Inc." video demonstrates that the video is nothing more than an unlawful attempt to derogate Crawl Space's flood vent products.

25.   The "Smart Vent, Inc." video features a new homeowner named Nick Nunes discussing his desire to replace the existing flood vents in his house with Smart Vent flood vents in order to secure a reduction in flood insurance premiums.

26.   The house's existing flood vents, as shown in the "Smart Vent, Inc." video, are Crawl Space flood vents.

27.   The below image is a screenshot from the "Smart Vent, Inc." video:

26

**D7-26**



28.   The above image shows the house's existing flood vents as reflected in the "Smart Vent, Inc." video.

29.   And, as shown in the video, the house's existing flood vents are Crawl Space flood vents.

30.   It is plain that the house's existing flood vents are Crawl Space flood vents because the flood vents shown in the "Smart Vent, Inc." video are black.

31.   In 2009, Crawl Space flood vents were the only foundation flood vents on the market which were black.

32.   Further, the Crawl Space flood vents embody unique, ornamental designs.

33.   In that connection, Crawl Space is the owner of multiple U.S. patents, including, U.S. patent D583,042 ("the '042 Patent") for the ornamental design for a flood vent.

34.   Crawl Space sells a commercial embodiment of the '042 Patent.

35.   The commercial embodiment of the '042 Patent is shown in the "Smart Vent, Inc." video.

36.   Paragraph 27 contains a screen shot which depicts Crawl Space's commercial embodiment of the '042 Patent.

37.   In the "Smart Vent, Inc." video, after the homeowner expresses his desire to replace the existing Crawl Space flood vents with Smart Vent flood vents, the narrator of the "Smart Vent, Inc." video interjects to explain the problems associated with the existing Crawl Space flood vents.

38.   The narrator states that:

> *[t]he problem with the vents the homeowner had was that they had a screen across and louvers and only a net open area of 40 square inches which only covers 40 square feet.* With the Smart Vent they get 200 square feet coverage that's ICC Certified giving them plenty for this garage. (emphasis added).

39.   The above-referenced statement made by the narrator concerning the Crawl Space flood vents is categorically false.

40.   The Crawl Space flood vent shown in the "Smart Vent, Inc." video does not "only cover[] 40 square feet."

28

41.   Instead, the Crawl Space flood vent shown in the "Smart Vent, Inc." video was certified by professional engineers to service two-hundred and five (205) square feet of enclosed space.

42.   Thus, Smart Vent has understated the amount of enclosed space which the Crawl Space flood vent is capable of servicing by at least one-hundred and sixty-five (165) square feet.

43.   This false and misleading misrepresentation concerning the Crawl Space flood vent is material because the amount of enclosed space which a flood vent can service is one of the most important considerations taken into account by purchasers of foundation flood vents.

44.   Purchasers of foundation flood vents seek to maximize the amount of enclosed space that is serviced by each individual flood vent.

45.   Purchasers do so in order to minimize the total number of flood vents which are required for each enclosed space.

46.   As a result, the deception caused by Smart Vent's misrepresentation influences, or is likely to influence, purchasing decisions as consumers favor flood vents which service more enclosed space.

D7-29

47.   This is not the only false and misleading statement that the "Smart Vent, Inc." video makes about the Crawl Space product.

48.   At the conclusion of the "Smart Vent, Inc." video, after the Crawl Space flood vents are replaced with Smart Vent's flood vents, the narrator of the video states that:

> **[n]ow the vents are FEMA compliant** and the house will qualify for the lowest flood insurance premium possible. (emphasis added).

49.   The above statement claims that the Crawl Space flood vents, which were replaced with Smart Vent flood vents, were not FEMA compliant.

50.   This suggestion is false and misleading because the Crawl Space flood vent shown in the "Smart Vent, Inc." video is FEMA compliant.

51.   The Crawl Space flood vent shown in the "Smart Vent, Inc." video was certified by professional engineers as meeting or exceeding certain requirements promulgated by FEMA and the NFIP relating to foundation flood vents.

52.   This false and misleading misrepresentation concerning Crawl Space's flood vents is material because whether a flood vent is FEMA-compliant dictates whether homeowners will receive reduced flood insurance premiums.

D7-30

53. Specifically, the installation of FEMA-compliant flood vents results in reduced flood insurance premiums.

54. As a result, the deception caused by Smart Vent's misrepresentation influences, or is likely to influence, purchasing decisions as consumers favor the installation of FEMA-compliant flood vents which reduce flood insurance premiums.

### MISREPRESENTATIONS CONTAINED ON SMART VENT'S WEB SITE

55. Smart Vent also makes, and has made, material, false, and misleading statements about Smart Vent's own flood vents in order to improperly bolster the position of Smart Vent's flood vent products in the marketplace.

56. Smart Vent maintains a website located at www.smartvent.com.

57. The purpose of Smart Vent's website is to commercially advertise the alleged benefits of Smart Vent's flood vents in order to influence consumers of flood vent products to purchase Smart Vent's flood vent products instead of flood vent products sold by Smart Vent's competitors, including Crawl Space.

58. The Smart Vent website makes false and misleading statements about Smart Vent's flood vents.

31

**D7-31**

59. First, on July 16, 2011, the home page of Smart Vent's

website appeared as follows:



60. The representation contained on the Smart Vent home

page as shown above states that:

> SMART VENT'S foundation flood vent is
> uniquely designed to provide both flood
> protection and ventilation in these
> instances and *is the only vent certified to
> meet the requirements as set forth by FEMA
> and the NFIP for all homes or buildings
> located in a floodplain.* (emphasis added).

61. But the Smart Vent flood vents, at the time the above

statement was made by Smart Vent, and thereafter, were not and

are not "the only vent certified to meet the requirements as set

32

**D7-32**

forth by FEMA and the NFIP for all homes or buildings located in a floodplain."

62. The Crawl Space flood vents were, at the time the above statement was made by Smart Vent, and are now, certified to meet the requirements as set forth by FEMA and the NFIP for all homes or buildings located in a floodplain.

63. This false and misleading misrepresentation concerning the Smart Vent flood vent is material because whether a flood vent is FEMA-compliant dictates whether homeowners will receive reduced flood insurance premiums.

64. Specifically, the installation of FEMA-compliant flood vents results in reduced flood insurance premiums.

65. As a result, the deception caused by Smart Vent's misrepresentation influences, or is likely to influence, purchasing decisions as consumers have favored, and will improperly favor, the Smart Vent flood vent over the Crawl Space flood vent if consumers are led to believe that the Smart Vent flood vent was and is the only FEMA-compliant flood vent on the market.

33

**D7-33**

66. Second, on July 24, 2014, the home page of Smart Vent's website appeared as follows:



67. The representation contained on the Smart Vent home page as shown above states that:

> Smart Vent Products, Inc. is the worldwide leading manufacturer of foundation flood venting systems and takes pride in having **the only FEMA-Accepted and ICC-ES Certified flood vent product line**. (emphasis added).

68. Consistent with the above statement, the packaging for Smart Vent's 8"x16" flood vent also states that it is "***FEMA-Accepted.***" (emphasis added).

69. But the Smart Vent flood vents are not "FEMA-Accepted" as represented on Smart Vent's website and packaging.

70. Companies do not submit flood vents to FEMA for FEMA to review and "accept."

71.   FEMA does not "accept" flood vents.

72.   Rather, companies must either engage a professional engineer or the ICC-ES to evaluate whether a flood vent complies with FEMA's rules and regulations.

73.   These false and misleading misrepresentations concerning the Smart Vent flood vent being "FEMA-Accepted" are material because such representations give the appearance that the Smart Vent flood vents are endorsed by FEMA when they are not.

74.   As a result, the deception caused by Smart Vent's misrepresentations influences, or is likely to influence, purchasing decisions as consumers will improperly favor the Smart Vent flood vent over the Crawl Space flood vent if consumers are led to believe that the Smart Vent flood vent is endorsed by FEMA.

75.   Smart Vent also makes material false and misleading statements concerning patent protection.

**D7-35**

76.  Specifically, on July 24, 2014, page 3 of the product catalog available on Smart Vent's website appeared as follows:



77.  The representation contained on page 3 of the Smart Vent catalog as shown above states that:

> [f]lood Protection: The SMART VENT door is latched closed until flood water enters. Entering flood water lifts **the patented internal floats** which unlatches and rotates the door open. (emphasis added)

78.  This statement is false and misleading.

79.  The internal floats contained within the Smart Vent flood vent are not "patented."

80.  This false and misleading misrepresentation concerning the Smart Vent flood vent is material because consumers are improperly led to believe that the Smart Vent flood vent employs superior patented internal floats when, in fact, there is no patent protection afforded specifically to the internal floats contained within the Smart Vent flood vent.

81. As a result, the deception caused by Smart Vent's misrepresentation influences, or is likely to influence, purchasing decisions as consumers will improperly favor the Smart Vent flood vent erroneously believing that the Smart Vent flood vent contains superior patented internal floats.

**FIRST CLAIM FOR RELIEF**
**FALSE ADVERTISING/UNFAIR COMPETITION 15 U.S.C. § 1125(a)**

82. Paragraphs 1 through 81 are hereby incorporated by reference as if fully set forth herein.

83. Smart Vent has made false and misleading statements concerning Crawl Space's foundation flood vents.

84. Smart Vent has misrepresented and understated the amount of enclosed space which is serviced by Crawl Space's flood vents.

85. Such false and misleading statements have actually deceived, or have a tendency to deceive, a substantial portion of Smart Vent's intended audience, that is, purchasers of foundation flood vents.

86. Smart Vent's false and misleading statements concerning the amount of enclosed space which is serviced by Crawl Space's flood vents is material in that such statements are likely to influence purchasing decisions.

87. Crawl Space's flood vents travel in interstate commerce.

88. Crawl Space has been injured as a result of Smart Vent's acts complained of here, and there is a likelihood of continued injury to Crawl Space in terms of declining and lost sales and loss of goodwill as a result of the misrepresentations outlined above.

## SECOND CLAIM FOR RELIEF
## FALSE ADVERTISING/UNFAIR COMPETITION 15 U.S.C. § 1125(a)

89. Paragraphs 1 through 88 are hereby incorporated by reference as if fully set forth herein.

90. Smart Vent has made false and misleading statements concerning Crawl Space's foundation flood vents.

91. Smart Vent has misrepresented and claimed that the Crawl Space flood vents are not FEMA compliant.

92. Such false and misleading statements have actually deceived, or have a tendency to deceive, a substantial portion of Smart Vent's intended audience, that is, purchasers of foundation flood vents.

93. Smart Vent's false and misleading statements concerning Crawl Space's FEMA compliance is material in that such statements are likely to influence purchasing decisions.

94. Crawl Space's flood vents travel in interstate commerce.

95. Crawl Space has been injured as a result of Smart Vent's acts complained of here, and there is a likelihood of

38

**D7-38**

continued injury to Crawl Space in terms of declining and lost sales and loss of goodwill as a result of the misrepresentations outlined above.

**THIRD CLAIM FOR RELIEF**
**FALSE ADVERTISING/UNFAIR COMPETITION 15 U.S.C. § 1125(a)**

96. Paragraphs 1 through 95 are hereby incorporated by reference as if fully set forth herein.

97. Smart Vent has made false and misleading statements concerning Smart Vent's foundation flood vents.

98. Smart Vent has misrepresented that Smart Vent's flood vents are the "only" flood vent products that are "certified to meet the requirements as set forth by FEMA and the NFIP."

99. Such false and misleading statements have actually deceived, or have a tendency to deceive, a substantial portion of Smart Vent's intended audience, that is, purchasers of foundation flood vents.

100. Smart Vent's false and misleading statements concerning Smart Vent's flood vents being the "only" flood vent products that are "certified to meet the requirements as set forth by FEMA and the NFIP" are material in that such statements are likely to influence purchasing decisions.

101. Smart Vent's flood vents travel in interstate commerce.

102. Crawl Space has been injured as a result of Smart Vent's acts complained of here, and there is a likelihood of continued injury to Crawl Space in terms of declining and lost sales and loss of goodwill as a result of the misrepresentations outlined above.

### FOURTH CLAIM FOR RELIEF
### FALSE ADVERTISING/UNFAIR COMPETITION 15 U.S.C. § 1125(a)

103. Paragraphs 1 through 102 are hereby incorporated by reference as if fully set forth herein.

104. Smart Vent has made false and misleading statements concerning Smart Vent's foundation flood vents.

105. Smart Vent has misrepresented that Smart Vent's flood vents are "FEMA-Accepted."

106. Such false and misleading statements have actually deceived, or have a tendency to deceive, a substantial portion of Smart Vent's intended audience, that is, purchasers of foundation flood vents.

107. Smart Vent's false and misleading statements concerning Smart Vent's flood vents being "FEMA-Accepted" are material in that such statements are likely to influence purchasing decisions.

108. Smart Vent's flood vents travel in interstate commerce.

40

D7-40

109. Crawl Space has been injured as a result of Smart Vent's acts complained of here, and there is a likelihood of continued injury to Crawl Space in terms of declining and lost sales and loss of goodwill as a result of the misrepresentations outlined above.

### FIFTH CLAIM FOR RELIEF
### FALSE ADVERTISING/UNFAIR COMPETITION 15 U.S.C. § 1125(a)

110. Paragraphs 1 through 109 are hereby incorporated by reference as if fully set forth herein.

111. Smart Vent has made false and misleading statements concerning Smart Vent's foundation flood vents.

112. Smart Vent has misrepresented that the internal floats contained within the Smart Vent flood vent are "patented."

113. Such false and misleading statements have actually deceived, or have a tendency to deceive, a substantial portion of Smart Vent's intended audience, that is, purchasers of foundation flood vents.

114. Smart Vent's false and misleading statements concerning Smart Vent's flood vents as having "patented" internal floats are material in that such statements are likely to influence purchasing decisions.

115. Smart Vent's flood vents travel in interstate commerce.

41

D7-41

116. Crawl Space has been injured as a result of Smart Vent's acts complained of here, and there is a likelihood of continued injury to Crawl Space in terms of declining and lost sales and loss of goodwill as a result of the misrepresentations outlined above.

## SIXTH CLAIM FOR RELIEF
## TRADEMARK CANCELLATION 15 U.S.C. § § 1064 AND 1119

117. Paragraphs 1 through 116 are hereby incorporated by reference as if fully set forth herein.

118. Upon information and belief, Smart Vent is the owner of U.S. Trademark Registration number 2,464,134 ("the '134 Mark").

119. The '134 Mark registers the phrase "SMART VENT" in connection with "[m]etal flood control vent for construction which operates by pressure or temperature."

120. The phrase "SMART VENT" as used by Smart Vent is generic.

121. The primary significance of the phrase "SMART VENT" in the minds of the relevant consuming public is to identify a product, that is, automatic vents.

122. The primary significance of the phrase "SMART VENT" in the minds of the relevant consuming public is not to identify the source from which the Smart Vent products originate.

42

D7-42

123. The relevant consuming public is purchasers of automatic vents.

124. Indeed, when the phrase "SMART VENT" is broken down into its component parts, it is plain that the '134 Mark is generic and should be cancelled.

125. The word "SMART" is synonymous with the word "automatic."

126. One of the definitions of the word "smart" available at www.merriam-webster.com is "operating by automation."

127. As a result, products which involve some aspect of automation are referred to as "smart."

128. For example, cellular telephones which employ automated technological features are referred to as "smart phones."

129. Similarly, an article recently published on www.theverge.com entitled "The best smart home products you haven't heard of" identifies an array of "smart" products available for the home.

130. When coupled with the word "VENT," the '134 Mark signifies the product type, automatic vents, not the source from which the Smart Vent products originate.

131. Consistent with this, other companies have used, and continue to use, the "SMART VENT" phrase to signify automatic vent products.

43

**D7-43**

132. For example, DCi Products maintains a website at www.dciproducts.com and sells a smart vent which automatically permits airflow through a roof vent.

133. Likewise, Keen Home maintains a website at www.keenhome.io and advertises a smart vent which automatically permits airflow through a wall.

134. As a result, the '134 Mark is invalid and subject to cancellation.

**WHEREFORE,** Crawl Space respectfully requests that the Court enter judgment in favor of Crawl Space and against Smart Vent as follows:

(a) issuing an injunction ordering Smart Vent to engage in corrective advertising to remedy the false statements made in connection with both the Crawl Space and Smart Vent products;

(b) issuing an order cancelling U.S. Trademark Registration No. 2,464,134 and declaring the "SMART VENT" mark to be generic and invalid;

(c) granting an accounting of all sales and profits made by Smart Vent;

(d) awarding Crawl Space: (i) actual and consequential damages that will be established at trial; (ii) punitive damages, the exact amount of which to be determined at trial; and (iii) an accounting and disgorgement of profits;

(e) awarding Crawl Space its attorneys' fees, costs, and disbursements; and

(f) granting Crawl Space such other and further relief as the Court deems just and proper.

D7-44

**<u>JURY DEMAND</u>**

Crawl Space hereby requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.


Dated:    Hackensack, New Jersey
          August 6, 2014


                    RIVKIN RADLER LLP


          By:    _____
                 Stephen J. Smirti, Jr.
                 Michael C. Cannata
                 John Robertelli, Esq. (012601990)
                 Patricia E. Doran, Esq. (044791992)
                 RIVKIN RADLER LLP
                 21 Main Street, Suite 158
                 Court Plaza South, West Wing
                 Hackensack, New Jersey 07601
                 (201) 287-2460
                 *Crawl Space Door System, Inc., d/b/a*
                 *Crawl Space Door Systems, Inc.*

3015655 v4

D7-45

# EXHIBIT "B"