# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILADELPHIA PROFESSIONAL COLLECTIONS LLC** | : : : | |
| **v.** | : | CIVIL ACTION NO. 21-5476 |
| **CRAWL SPACE DOOR SYSTEM, INC.** *doing business as* CRAWL SPACE DOOR SYSTEMS, INC. | : : : | |

**McHUGH, J.**                                                                                              February 3, 2022

<u>**MEMORANDUM**</u>

      This is a collection action brought on behalf of the debt collection arm of a Philadelphia-based law firm against a Virginia-based client that the firm represented in a New Jersey forum. The client has moved to transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Aside from the fact that the underlying case was pending in New Jersey, it has no connection to the parties. Defendant has not established grounds for transfer, and its motion will be denied.

      Under § 1404(a), district courts are to consider the "convenience of parties and witnesses," and "the interest of justice." Within the Third Circuit, the classic formulation of the analysis under § 1404 is set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), and involves a series of private and public interest factors. Private-interest factors include (1) the "plaintiff's forum preference as manifested in the original choice," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* Public factors include: (1) "the

enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879–80.

Turning first to the *Jumara* factors, Plaintiff's initial choice of forum weighs heavily in favor of keeping his case in this district. As the Third Circuit has explained, "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.'" *Id*. at 879 (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). Transfer "is not to be liberally granted," and should not occur "unless the balance of convenience of the parties is strongly in favor of defendant." *Shutte*, 431 F.2d at 25. That preference is entitled to even greater deference "when the plaintiff has chosen the home forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981).

Plaintiff Philadelphia Professional Collections LLC is the assignee of legal bills purportedly owed to a Philadelphia law firm, White & Williams. The Court takes judicial notice that Plaintiff shares the same address as White & Williams, which is also counsel in this case. In practical terms, it is White & Williams bringing this action; but by any measure, Plaintiff is suing in its home forum, a factor entitled to substantial weight.

The second *Jumara* factor—the defendant's preference—generally does little more than frame the issue, because there would be no motion to transfer *unless* the defendant prefers a different forum. The essential question is whether that preference combined with other factors overcomes the presumption that the plaintiff's preference governs. As the *Jumara* Court made

clear, "[t]he burden of establishing the need for transfer still rests with the movant." 55 F.3d 879 (citing *Shutte*, 431 F.2d 22, *cert. denied*, 401 U.S. 910 (1971)).  Significantly, Defendant here has no presence in New Jersey.  It identifies itself in the notice of removal as a Virginia corporation with a principal place of business in Virginia Beach.  There is therefore no reason to accord any meaningful weight to Defendant's preference for a New Jersey forum.

The third *Jumara* factor considers where the claim arose.  Here, White & Williams was retained out of its Philadelphia office, where much of the legal work in connection with the underlying case – a trademark action – was performed.  There was admittedly a trial in New Jersey, so an argument can be made that the claim partially arose there.  But at most, on the facts here the claim arose in both states, rendering this factor neutral.

The fourth *Jumara* factor directs district courts specifically to consider the respective burdens on the parties "as indicated by their relative physical and financial condition." 55 F.3d at 879.  I can see no difference in costs for the parties between litigating in Pennsylvania or New Jersey.

The fifth *Jumara* factor is self-limiting, in that it directs courts to consider the convenience of witnesses, but "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." 55 F.3d at 879.  Defendant here has identified no such witnesses.

The final private interest *Jumara* factor requires consideration of the "location of books and records." 55 F.3d at 879.  This factor has lost much of its significance in modern litigation, where few business entities retain physical archives of records.  But here the most relevant records pertaining to this case are undoubtedly in Philadelphia.

In short, except for an equivocal position on where the cause of action arose, Defendant cannot support a case for transfer under *Jumara*'s private factors.

As to *Jumara*'s public factors, the docket in this District is far less congested than New Jersey. With respect to interest in this action, New Jersey would have none. In contrast, numerous decisions have recognized Pennsylvania's interest in local businesses having their contracts enforced and bills paid. *See e.g. Remick v. Manfredy,* 138 F.Supp.2d 652, 656 (E.D. Pa. 2001) (Pennsylvania has interest in action for non-payment of bills owed to its citizens); *Aamco Transmissions, Inc. v. Romano,* 42 F.Supp.3d 700, 714 (ED. Pa. 2014) (Pennsylvania has interest in case involving breach of contract claim made by a local Pennsylvania company).

Defendant summarily asserts that New Jersey is a superior forum because two judges there would be familiar with the underlying litigation. But it is by no means clear that either judge would be assigned to this action, or that their involvement with the underlying case uniquely equips them to preside in an action for non-payment, particularly where the Defendant has demanded trial by jury.

Defendant has not shown that the balance of convenience "strongly favors transfer," as required by *Shutte*. The motion to transfer will be denied.

   /s/ Gerald Austin McHugh
United States District Judge