| | | |
|---|---|---|
| **CRAWL SPACE DOOR SYSTEM, INC.** | : | |
| | : | |
| | : | |
| **PLAINTIFF,** | : | |
| **v.** | : | |
| | : | |
| **WHITE AND WILLIAMS, LLP** | : | **2:22-cv-04698-GAM** |
| | : | |
| | : | |
| **DEFENDANT.** | : | |

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I. COMPULSORY COUNTERCLAIM

### BACKGROUND

The malpractice claim alleged in the Amended Complaint (the "Complaint) of Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. ("Crawl Space") should not be considered compulsory under Third Circuit nor Fourth Circuit jurisprudence. Rather, the malpractice claim is a permissive counterclaim pursuant to Fed. R. Civ. P. 13 (a) and caselaw analyzing the issue. As the analysis below will demonstrate, Crawl Space's malpractice claim filed in this Court does not arise out the same transaction or occurrence that is the subject matter of the opposing party's claim. Rather, the claim for attorney's fees filed by Philadelphia Professional Collections, LLC ("PPC") in the Philadelphia Court of Common Pleas is almost entirely unrelated to Crawl Space's malpractice claim in both law and fact. In fact, the only similarity that the two claims share is the fact that both causes of actions occurred during White & Williams, LLP's ("White & Williams") representation of Crawl Space. Otherwise, the two claims are substantially

1

different in terms of the facts at issue and law applied in determining the merits of the claims. Therefore, this Court should deny White & Williams motion to dismiss.

ARGUMENT

a)     <u>The Application of Third Circuit Law is Improper</u>

It is well established that questions of procedure are governed by the law in which the forum sits. *See Flame S.A. v. Feight Bulk Pte. Ltd.*, 762 F.3d 352, 363 (4th Cir. 2014) (Wilkinson, J. concurring in matters of procedure). Due to its inherent procedural nature, the characterization of Crawl Space's malpractice claim should be determined pursuant to the law of the Fourth Circuit.

Where a civil action has been transferred from one district court to another upon motion of a defendant under Fed. R. Civ. P. § 1404(a), when facing a choice of law the transferee court must apply the law of the transferor jurisdiction. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964).

This Court has also recognized (citing to 4th Circuit precedent) that a transfer of venue under Fed. R. Civ. P. § 1404 does "justify the rather startling conclusion that one might get a change of law as a bonus for change of venue." *Premier Payments Online, Inc. v. Payment Systems Worldwide*, 848 F.Supp.2d 513, 526 (E.D.Pa. 2012), *quoting Volvo Construction Equipment North America, Inc. v. CLM Equipment Co.*, 386 F.3d 581, 600 (4th Cir. 2004) (*quoting Van Dusen*, 376 U.S. at 635-36).

Therefore, Fourth Circuit and Virginia law applies to whether or not the underlying claim in this case was a compulsory counterclaim and not the law of this Circuit or Pennsylvania. Nevertheless, Crawl Space's malpractice claim should be characterized as a permissive counterclaim to PPC's claim for attorneys' fees regardless of whether Third Circuit or Fourth Circuit jurisprudence is applied.

b)      Fourth Circuit Analysis

In *Sue and Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048 (4th Cir. 1976), the Fourth Circuit Court of Appeals provided an analysis used to determine whether claims shall be characterized as compulsory or permissive under Fed. R. Civ. P 13 (a). This Court established a four-prong analysis to make this determination, and further qualified the analysis by stating "there is no inflexible rule for determining whether a counterclaim is compulsory or permissive[.]" *Id.* at 1051 – 1053.

The analysis promulgated in *Sue and Sam Mfg. Co.*, 538 F.2d at 1051 – 53 considers four questions. First, the test asks whether the issues of fact and law raised by PPC's claim and Crawl Space's claim are largely the same *Id.* at 1051. The second prong asks whether *res judicata* would bar a subsequent suit on Crawl Space's claim, absent the compulsory counterclaim rule. *Id.* at 1052. The third prong asks whether substantially the same evidence would support or refute PPC's claim and Crawl Space's claim. *Id.* The fourth and final prong asks whether there exists a logical explanation between PPC's claim and Crawl Space's claim. *Id.* at 1053.

In *Sue and Sam Mfg. Co.*, 538 F.2d at 1049, a roof leak allowed rainwater to penetrate the structure and damage goods. The manufacturer of the goods filed a diversity action against the building owner-lessor. *Id.* The owner-lessor filed a third-party complaint against the lessee, who in turn filed counterclaims based on negligent construction against the lessor for damage stemming from the rain damage and damage caused by a roof collapse during a snow storm, which occurred two years later. *Id.* at 1053.

In relation to the first prong, the Court in *Sue and Sam Mfg. Co.*, 538 F.2d at 1051 found that, in relation to the first of the counterclaims, the lessee had earlier asserted negligent construction as a ground for defense. As a result of this posited defense, the claim and counterclaim

both considered the same issues of law and fact. *Id*. In the present case, the facts and law surrounding the claim and counterclaim are almost entirely dissimilar. PPC's claim for attorneys' fees is essentially a claim for breach of contract, while Crawl Space's malpractice claim focuses on White & Williams' negligence and breach of duty occurring during a narrow period of its representation of Crawl Space during the New Jersey litigation, which resulted in severe damages to Crawl Space's antitrust claim pending in the Eastern District of Virginia. The claims, facts considered, and law applied are wholly dissimilar. In addition, Crawl Space, did not assert malpractice or negligence as a defense to PPC's claim in Pennsylvania. In fact, Crawl Space's defense to PPC's claim is merely that the fees are not reasonable, and as a result, White & Williams breached its contract with Crawl Space. In *Sue and Sam Mfg. Co.*, 538 F.2d at 1051 -52, the reason for which the claim and counterclaims shared any substantial factual or legal similarities is because the lessee posited negligence as defense to the claim asserted against it. The facts in the present case are different. Crawl Space asserted no claims of malpractice as a defense and did not demand an associated offset. As a result, the issues of fact and law raised by PCC's claim and Crawl Space's claim are almost entirely unrelated to each other.

Shifting to the second prong, the Court in *Sue and Sam Mfg. Co.*, 538 F.2d at 1052 found that one of the lessee's counterclaims would be barred by res judicata, absent the compulsory counterclaim rule, because the initial proceeding ruled on the issue of negligence as a defense. The claim for snow damage, on the other hand, would not be barred because it was entirely independent and not addressed in the earlier proceeding. The Court found that the facts were entirely different and had no connection to the other claims *Id*. at 1053. In the present case, res judicata would not bar this suit. PPC's claim in Pennsylvania is currently pending and it will not address the issue of White & Williams' negligence because Crawl Space did not plead it as a defense to PPC's claims.

Rather, in the Pennsylvania case, Crawl Space is contending that White & Williams' fees were not reasonable, and therefore breached its contractual duties to Crawl Space. Consequently, Crawl Space satisfies the second prong of the analysis. In fact, Crawl Space could not assert malpractice as a defense to any matter relating to the litigation because such determinations are shielded under the law as a reasoned judgment.

Transitioning to the third prong, the court in *Sue and Sam Mfg. Co.*, 538 F.2d 1052 - 53 found that the only substantial similarities among the evidence concerning the claim and counterclaims stemmed from the negligent construction issue being presented both as a ground for defense and a substantive cause of action in the first counterclaim. Unlike in *Sue and Sam Mfg. Co. v. B-L-S Const. Co*., 538 F.2d at 1052-53, Crawl Space did not assert negligence as a defense PPC's claim in Pennsylvania. Rather Crawl Space, in its answer, asserted that the fees were unreasonable and not consistent with the agreement entered into by and between Crawl Space and White & Williams. The relevant evidence and law concerning the malpractice claim are almost wholly unique and independent from that which will be presented in the matter PPC filed in Pennsylvania. The evidence presented in the Pennsylvania case will almost entirely relate to the work performed by White & Williams in its representation of Crawl Space, in an effort to determine whether White & Williams charged reasonable attorneys' fees in its representation of Crawl Space.

To the contrary, the evidence presented in Crawl Space's malpractice claim substantially relates to the negligent behavior and resulting damages to Crawl Space's pending antitrust claims asserted against White & Williams in the Eastern District of Virginia. The only similarity shared among PPC's claim and Crawl Space's claim is the fact that they both we caused by White &

Williams actions during the representation of Crawl Space in the New Jersey litigation. The vast majority of evidence and law to be applied in adjudicating the claims is dissimilar and unrelated.

Finally, in analyzing the fourth prong of the test, this Court in *Sue and Sam Mfg. Co.*, 538 F.2d at 1053 found that any logical relationship between the claim and counterclaims stems from the lessee's assertion of negligent construction as a defense to the lessor's claim for damages. As a result, both the claim for damages and the counterclaim substantially involved the same facts and legal analysis to be presented. *Id*. As discussed above, the present matter is distinguishable because the facts and law relevant to the claim filed by PPC in Pennsylvania is unique from that to be presented in Crawl Space's claim in this Court. In the present matter, the claims are fundamentally unrelated and do not involve an offset establishing a relationship between the claims.

The Fourth Circuit revisited this analysis in *Painter v. Harvey,* 863 F.2d 329 (4th Cir. 1988). In this case, an arrestee filed a civil rights complaint against the arresting officer on the basis of use of excessive force during the arrest. *Id*. at 330. The arresting officer counterclaimed, asserting that the arrestee falsified the complaint and thereafter committed libel and slander against the arresting officer. *Id*. The Court of Appeals applied the analysis presented in *Sue and Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048 (4th Cir. 1976). In its opinion, this Court stressed the importance of evidentiary similarity in making its determination regarding compulsory counterclaims. *Id*. at 331. The Court found that the same evidence supported and refuted both the claim and the counterclaim. *Id*. at 332. All relevant evidence related to the events that transpired during the arrest. *Id*.

In the present matter, on the other hand. The evidence presented by the parties in relation to the claim for attorneys' fees will be almost entirely different from the evidence presented by the

parties in relation to the malpractice claim. The claim for attorneys' fees will attract evidence documenting the actual services performed by White & Williams and whether the associated fees are reasonable. In relation to the claim for malpractice, substantially all evidence will relate to the duty of care owed by White & Williams in relation to its representation of Crawl Space, whether that duty was breached during the course of the representation and resulting damages. The claims are so substantially unique and independent that there will no repetitive litigation of the same facts or law. Allowing the malpractice claim to be heard by this Court will not betray the ideals of judicial economy or efficiency. *See Transamerica Life Ins. Co. v. Aviation Off. Of Am., Inc.*, 292 F.3d 384, 389-90. In addition, PPC's claim for attorneys' fees and Crawl Space's claim for malpractice are so substantially different that there exists no possibility of inconsistent rulings. *See* id. Either party could prevail on one or both claims and the decisions would not conflict or frustrate the judicial process of the other. In other words, the decisions rendered by the Pennsylvania Court and the Virginia Court are not mutually exclusive. By way of example, if PPC were to prevail in its claim against Crawl Space in the Pennsylvania case for attorneys' fees, it would not be inconsistent or conflicting if Crawl Space were to prevail in its malpractice claim in this Court. Neither ruling would fly in the face of the other.

c. Third Circuit Analysis

In the alternative, in the event it is deemed that Third Circuit law shall apply, the analysis discussed below will also demonstrate that Crawl Space's claim for legal malpractice should not be characterized as a compulsory counterclaim. The Third Circuit adopted an analysis for determining whether a claim should be characterized as a compulsory counterclaim in *Great Lakes Rubber Corp. v Herbert Cooper Co.*, 286 F.2d 631 (3d Cir. 1961). This analysis established that

the operative question in making this determination is whether the claim in question bears a logical relationship to an opposing party's claim. *Rubber Corp.*, 286 F.2d at 634.

In its opinion, the Court stated:

[A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. Indeed, the doctrine of res judicata compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently.

*Great Lakes Rubber Corp.*,286 F.2d at 634.

In *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978), the Court of Appeals refined the above-described analysis and formed a three-prong inquiry, which remains applicable in the present matter. First, the Court will consider whether the claims share many of the same factual issues. *Id*. Second, the court will determine whether the claims consider the same factual and legal issues. *Id*. Third, the court shall consider whether the claims are offshoots of the same basic controversy between the parties. *Id*.

In *Xerox Corp.*, 576 F.2d at 1058, the defendant in a patent infringement case moved to dismiss the claim, arguing the plaintiffs claim was a compulsory counterclaim and needed to be asserted in the prior pending matter, in which the defendant asserted antitrust claims. The Third Circuit Court of Appeals held that the defendant failed to demonstrate that the plaintiff's patent infringement claim arose out of the same transaction or occurrence involved in the pending antitrust case. *Id*. at 1060.

In its opinion, the Court found that there were very few factual similarities, and that patent infringement was not at all involved in the pending antitrust lawsuit. *Id*. at 1060-61. Further, the court concluded that litigation of the patent infringement claim, as a separate matter, "would not substantially duplicate the time and effort spent in the [antitrust] litigation." *Id*. at 1060. Lastly the court stated, "the factual proof of validity and infringement is vastly different from proof of and antitrust violation or patent misuse." *Id.*

The facts and comparisons in the present matter substantially parallel those explained in the Court's opinion in *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978). The issue of negligence or legal malpractice is not contemplated in the pleadings of the matter filed by PPC in Pennsylvania. PPC is asserting a claim for attorney's fees, a breach of contract claim, and as a defense, Crawl Space is asserting that the fees are not reasonable. The issue of negligence is not addressed in that matter, so there exists very few factual similarities between the claims, aside from the fact that both claims occurred during White & Williams representation of Crawl Space in the New Jersey litigation. Even so, the two claims consider almost entirely different facts and are unrelated. In addition, the legal analysis involved in a claim for attorneys' fees is wholly different from the legal analysis involved in a legal malpractice claim. PPC's claim relates to breach of contract, while Crawl Space's relates to the duty of care and White & Williams breach thereof. Due to the unique and distinguishable nature of the facts and legal analyses specific to each claim, allowing the malpractice claim to proceed in this court would not substantially duplicate the time and effort spent in the pending Pennsylvania case.

As discussed in the *Great Lakes Rubber Corp. v Herbert Cooper Co*., 286 F.2d 631 (3d Cir. 1961) opinion, and reiterated in the *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978) opinion, judicial economy and efficiency is an important consideration when conducting a

compulsory counterclaim analysis. As the facts discussed above indicate, PPC's claim and Crawl Space's claim are so substantially unique that there would not exist repetitive litigation or decreased efficiency in allowing Crawl Space's claim to be heard in this Court.

As previously discussed in subsection (b), White & Williams expresses concern over the possibility of inconsistent rulings. Although inconsistent rulings are an entirely legitimate concern to courts and the overall judicial process, this concern is not founded in the present instance. A ruling favorable to PPC in the Pennsylvania attorneys' fees matter and a ruling favorable to Crawl Space in the present matter will not cause inconsistencies. These results are not mutually exclusive. As an affirmative defense, Crawl Space is alleging that the amount of attorneys' fees demanded by White & Williams is unreasonable; the proceeding in Pennsylvania will determine a reasonable measure of attorneys' fees for the services rendered. In the present matter, Crawl Space may prevail on its malpractice claim, while still owing reasonable attorney's fees to PPC. This possibility is justifiable, rational, and could occur without causing detriment to the judicial system. White & Williams' concerns are unfounded.

Finally, in its Memorandum in Support of Motion to Dismiss, White & Williams asserts that a legal malpractice claim must be brought as a counterclaim in response to a party's claim for attorneys' fees. Upon review of the Third Circuit jurisprudence on the matter, the present matter is entirely distinguishable from the caselaw cited by White & Williams. The Pennsylvania Middle District case cited by White & Williams involved a claim for fees to which the defendant asserted malpractice as a defense. *Geisinger Medical Center v. Gough,* 160 F.R.D. 467, 468 (M.D. Pa. 1994). Due to this minor yet critical detail, the claims in the cases at issue in *Geisinger* bear a logical relationship and are therefore an offshoot of the original claim, pursuant to Third Circuit analysis. *Id.* at 469 (*citing Xerox Corp.*, 576 F.2d at 1059). However, the present case is

distinguishable because Crawl Space did not assert malpractice as a defense to PPC's claim for attorneys' fees. Consequently, that logical relationship was never established between the two cases. Crawl Space's defense to PPC's claim for fees is the assertion that the fee was not reasonable. Negligence, the foundation of the malpractice claim, is not addressed in the Pennsylvania case pleadings because it is not the reason for which Crawl Space is challenging the validity of the measure of attorneys' fees. As such, there bears no substantial similarities in fact or law between the claims. Consequently, Crawl Space respectfully requests that this court deny White & Williams motion to dismiss the claim on the basis of Fed. R. Civ. P. 13 (a).

The additional cases cited by White & Williams contending that malpractice claims must be filed as compulsory counterclaims to claims for attorneys' fees are also distinguishable from the present matter. In *L. Offs. Of Jerris Leonard, P.C. v Mideast Sys., Ltd.*, 111 F.R.D. 359, 360-61 (D.D.C. 1986), the defendant failed to respond to the plaintiffs claim for attorneys' fees. The defendant subsequently attempted to file a malpractice claim. *Id.* at 360. This case is distinguishable because the defendant failed to respond to the plaintiffs claim for fees entirely. *Id.* at 360-61. In the present case, Crawl Space responded, asserting the unreasonableness of the fees as a defense. Further, in *L. Offs. Of Jerris Leonard, P.C.*, 111 F.R.D. at 361, the determination to bar the subsequent malpractice claim was based on the conclusion that "the testimony and documents necessary to litigate both claims are substantially the same." For the reasons discussed above, the factual determinations and legal issues relating to PPC's claim for attorneys' fees and Crawl Space's malpractice claim are almost entirely separate and unique. There would not be substantial duplicative or repetitive litigation as the claims are almost entirely independent and the analysis is unique from each other.

*Yarn v. Hamburger L. Firm*, LLC, No. Civ.A. 1:12-03096, 2014 WL 2964986, at *4 (D. Md. June 30, 2014) (unreported), is also distinguishable in that, in its responsive pleadings, the defendant made a claim for recoupment, which established the logical relationship among the claims. The recoupment claim an offset, which intimately connects the claim. There exists no such connection in the present matter; the malpractice claim is entirely unrelated to PPC's claim for attorneys' fees in fact, law, and the respective pleadings.

White & Williams asserts that courts have almost unanimously held that malpractice claims are compulsory counterclaims when there exists a claim for fees. *Cumberland Farms, Inc. v. Lexico Enterprises, Inc.*, No. 10-CV-4658 ADS AKT, 2012 WL 526716, at *8. White & Williams has failed to recognize that these cases all have glaring differences from the present case, which justify a different determination. In almost every case, the defendant filing the subsequent malpractice claim is rightly barred from doing so because that defendant asserted negligence as an affirmative defense, or an offsetting recoupment claim in the prior proceeding. *See Geisinger Medical Center*, 160 F.R.D. at 469-470; *see also Yarn v. Hamburger L. Firm, LLC*, No. CIV.A. 1:12-03096, 2014 WL 2964986, at *4 (D. Md. June 30, 2014) (unreported). Further, the Court in *L. Offs. Of Jerris Leonard, P.C.*, 111 F.R.D. at 361 ruled the malpractice claim to be a compulsory counterclaim, in part because the defendant failed entirely to respond to the claim for fees, and also because "the testimony and documents necessary to litigate both claims [were] substantially the same."

Conversely, PPC's claim and Crawl Space's claim share practically no similarities in law or fact for the reasons discussed above. The relevant facts and legal analysis pertaining to each claim is unique to the extent that there would be practically zero overlap in fact or law among the claims.

<u>CONCLUSION AND PRAYER FOR RELIEF</u>

White & Williams has failed to establish that Crawl Space's claim for legal malpractice must be characterized as a compulsory counter claim under both Third Circuit and Fourth Circuit analyses. PPC's claim for attorneys' fees and Crawl Space's legal malpractice claim do not share any substantial similarities in fact nor in legal analyses. The two claims share no logical relationship, and therefore, may be adjudicated in separate proceedings. Consequently, Crawl Space respectfully requests that this Court deny White & Williams' motion to dismiss the complaint.


Dated:  January 20, 2023

Respectfully Submitted,

/s/ *Casey Green*
Casey Green, Esquire
Sidkoff, Pincus & Green, P.C.
1101 Market Street
Suite 2700
Philadelphia, PA 19107
215-574-0600
215-574-0310 (fax)
cg@sidkoffpincusgreen.com


Duncan Byers, Esquire
Byers Law
1769 Jamestown Road, Suite 211
Williamsburg, Virginia 23185
dbyers@dbyerslaw.com
*Pro Hac Vice Motion Pending*

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that I electronically filed the within *Response in Opposition to Motion to Dismiss* with the Clerk of Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

Dated: January 20, 2023

/s/ *Casey Green*     
Casey Green, Esquire
